PHILANDO PORELL *vs.* FRED W. COUSINS.

York.    Opinion November 24, 1899.

*Jurisdiction.    Municipal Court of Sanford.    Recorder.    Spec. and Priv. Laws 1897, c. 522, § 9.*

The recorder of the Municipal Court of Sanford may exercise under c. 522, § 9, of the Special Laws of 1897, all the powers of the judge "in case of the absence from the court room or sickness of the judge."

*Held;* that the complaint in this case made to the recorder in the absence from the court room of the judge of the court,—the jurat containing the same statement and the warrant being signed with the same addition by the recorder,—is sufficient to show the authority of the recorder to exercise all the powers of the judge.

ON EXCEPTIONS BY PLAINTIFF.

This was an action of trespass q. c. heard by the presiding justice without a jury and with the right to except.

The defendant admitted the acts complained of as a trespass but justified under a search warrant, commanding the search of the locus for intoxicating liquors, issued by the recorder of the Sanford municipal court. The only question made, as to the sufficiency of the search warrant, was that it was issued by the recorder of said court without any sufficient allegation of the authority of the recorder to issue the same.

The complaint upon which the warrant was issued and which is annexed to the latter, was addressed as follows: "To Geo. E. Allen, Esquire, Recorder of the Sanford Municipal Court of Sanford in the County of York, in the absence from the Court Room

of the Judge of said Court." And the warrant after the signature of Geo. E. Allen, Recorder, contained the following: "In the absence from the Court Room of the Judge of said Court."

The court ruled that the warrant was properly issued and afforded a justification to the defendant for the acts complained of and thereupon awarded judgment for the defendant.

To this ruling the plaintiff excepted.

*John S. Derby*, for plaintiff.

Nothing can be taken by intendment as to the jurisdiction of inferior courts; every jurisdictional fact must be affirmatively alleged. *Peacock* v. *Bell*, 1 Saunders, 73; *State* v. *Paul*, 69 Maine, 215; *State* v. *Whalen*, 85 Maine, 472; *Brooks* v. *Adams*, 11 Pick. 441.

Complaint must show by affirmative allegations the conditions under which recorder can act. *Guptill* v. *Richardson*, 62 Maine, 257.

The introductory address to the magistrate is no part of the complaint. The "commencement" or "caption" is not a part of the pleadings. 1 Bish. Crim. Proc. § 151; *State* v. *Creight*, 1 Brev. 169; *State* v. *Gilbert*, 13 Vt. 647; *State* v. *Thibeau*, 30 Vt. 100; *State* v. *Conley*, 39 Maine, 78.

The pleadings "must set forth affirmatively and clearly all facts necessary to show jurisdiction." *Brooks* v. *Adams*, supra; *Hall* v. *Howd*, 10 Conn. 514, (27 Am. Dec. 696).

Must "expressly set forth" the jurisdictional facts. *Turner* v. *Bank*, 4 Dall. 11; *Walker* v. *Turner*, 9 Wheat. 541.

Must "substantiate" every such fact. *Williams* v. *Blunt*, 2 Mass. 213; *Kempe's Lessee* v. *Kennedy*, 5 Cranch, 173.

Must allege them in express language. *Gray* v. *Larrimore*, 2 Abb. N. S., 542; *Dole* v. *Felker*, 16 Cal. 432; *Morrow* v. *Weed*, 4 Iowa, 77, (66 Am. Dec. 122); *Denning* v. *Roberts*, 11 Wend. 647.

The mere parenthetical clause, even if inserted in the complaint, "in the absence, etc.," is not an allegation. *State* v. *Whalen*, 85 Maine, 472.

The provision that the "signature of the recorder shall be sufficient evidence of his right to act," does not change the rules of pleading.

"Sufficient" evidence means "satisfactory,"— that is prima facie evidence; sufficient to throw the burden upon the respondent. 1 Greenl. Ev. § 2. *Thayer* v. *Boyle*, 30 Maine, 481.

But there must be some allegation of which it can be evidence. Respondent has a right to question the jurisdictional facts. This provision simply throws the burden upon him. And he may raise the question under the general issue. 1 Bish. Crim. Proc. § 414.

The warrant contains no averment whatever of the necessary facts. It refers to the "complaint" only.

*Fred J. Allen*, for defendant.

SITTING: PETERS, C. J., HASKELL, STROUT, SAVAGE, FOG-LER, JJ.

STROUT, J. Section 9, of chapter 522 of the special laws of 1897, authorizes the recorder of the municipal court of Sanford "in case of the absence from the court room or sickness of the judge," to exercise all the powers of the judge. The complaint in this case was made to the recorder, "in the absence from the court room of the judge of said court," was sworn to before the recorder, whose jurat contains the same statement of absence of the judge, and the warrant was signed by the recorder, with the addition, "in the absence from the court room of the judge of said court." And the last part of the same section provides that "the signature of the recorder as such shall be sufficient evidence of his right to act instead of the judge."

It is settled law that the jurisdiction of inferior tribunals must affirmatively appear in the papers, and cannot be inferred. This complaint and warrant do distinctly and fully show the authority of the recorder to receive the complaint and issue the warrant. It therefore afforded justification to the defendant for his acts. Such was the ruling below.

*Exceptions overruled.*